IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY  DIVISION

JEFFERY JEROME CULVER,
     Plaintiff,

vs.
                         Case No. 2000- 5:00 CV 191 - Spm

APPLEJAM, INC., a/k/a
     APPLEBEES,
     Defendant.                                    **JURY TRIAL DEMAND**
_____/

## COMPLAINT

COMES NOW, Plaintiff, JEFFERY JEROME CULVER, by and through the undersigned

attorney and for his cause of action against Defendant, APPLEJAM, INC., a/k/a APPLEBEES,

alleges as follows:

### JURISDICTIONAL ALLEGATIONS

1.     This is an action for damages exceeding $15,000.00.

2.     Defendant, APPLEJAM, INC., a/k/a APPLEBEES,  (hereinafter referred to as

     "APPLEBEES") is a Georgia Corporation doing business in the State of Florida.

3.     APPLEBEES's principal place of business is in Georgia is at 3305 Breckinridge

     Blvd., Suite 126, Duluth, Ga. 30096.

4.     APPLEBEES  is and was, at all times pertinent to this case, doing a substantial

     amount of business in  Bay County, Florida.

U.S. DISTRICT COURT

00 AUG 15  AM 10: 27

FILED

1

5.      Plaintiff, JEFFERY JEROME CULVER, was employed with APPLEBEES from 1991 to on or about October 1996 and worked in Panama City, Bay County.

6.      All events and incidents complained of occurred in Bay County, Florida.

7.      Plaintiff is a resident of Bay County, Florida.

8.      Venue of this proceeding lies in Bay County, Florida.

9.      The Court has jurisdiction over the parties and the subject matter in this cause of action.

10.     This action is for damages greater than $15,000.00.

## COUNT I
### RACE DISCRIMINATION TITLE VII

11.     Plaintiff incorporates by reference and realleges the general jurisdictional allegations in paragraphs 1 through 10 of this Complaint.

12.     This is an action for relief pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §1331 and §1345. This action is in the nature of an action with respect to plaintiffs' rights against Defendant, APPLEBEES, for damages against APPLEBEES for intentionally discriminating or maintaining a policy or procedure of discrimination against Plaintiff, because of his race and color, and retaliation against Plaintiff, and for damages against Defendant, including compensation, terms, conditions, and privileges and all benefits of employment, for reinstatement and back pay with interest, attorneys' fees, and for such other relief as the Court may deem just and equitable.

13.     Plaintiff, JEFFERY JEROME CULVER, is an African-American, citizen of the

2

United States, and a resident of Panama City, Florida.

14.    At all times heretofore and hereinafter mentioned, Defendant, APPLEBEES, was Plaintiff's employer within the meaning of 42 U.S.C. §2000e, et seq.

15.    Plaintiff is an employee as defined by 42 U.S.C. § 2000e et seq and was employed in Panama City, Florida by APPLEBEES and all actions and omissions of employment and all the employment records relevant to this action are maintained in Bay County.

16.    Plaintiff, JEFFERY JEROME CULVER, was employed by APPLEBEES on or about 1991 to October 1996 as a cook and mid-person.

17.    Plaintiff was qualified to do his work with APPLEBEES.

18.    During his employment at APPLEBEES, APPLEBEES discriminated against Plaintiff because of his race.

19.    White employees who were similarly situated as Plaintiff were not treated in the same adverse and disparate manner as Plaintiff.

20.    Plaintiff was denied the opportunity for a management position or training while white employees who had less seniority with the company and were doing the same work as Plaintiff were offered management positions and training.

21.    Plaintiff would make complaints or make requests of management about problems in the kitchen, but nothing was done by management to investigate or correct the problems.

22.    Plaintiff trained less senior white employees who received management positions while Plaintiff and other black employees were not advanced into management positions.

23.   Other black employees also trained white employees who were advanced to management positions while black employees were denied advancement.

24.   Plaintiff requested management positions and training and even submitted a resume for training but was never offered the opportunity for advancement into a management position or in a training position.

25.   Plaintiff was treated differently than white employees while white employees who had essentially the same job that Plaintiff had were given advancements.

26.   White employees were given preferential treatment with regards to working out front as no African-American employee, including Plaintiff, worked out front and African-American's worked in the kitchen only.

27.   Plaintiff was given harsher discipline and more verbal harassment by supervisors than the similarly situated white employees received.

28.   Plaintiff was disciplined more harshly than similarly situated white employees while white employees were not treated so harshly.

29.   If a black employee was eating on the job they would be written up while white employees were not written up for the same offense.

30.   Plaintiff was dismissed from his job by District Manager, Dave Beaver, for a dispute with a white female employee, Marlene Wright who still works for APPLEBEES.

31.   Plaintiff was doing his job which was to ensure that everything runs smoothly in the kitchen and to save the company money by watching for incorrect tickets.

32.   A ticket was a written request created by a waitress, for a food item to be prepared.

33.   Plaintiff was trying to explain to Marlene Wright that she had wrung up a ticket wrong when she became irate and started yelling at Plaintiff that he "was picking on

4

her."

34.     Marlene Wright then ran into dining room yelling that Plaintiff was picking on her.

35.     The District Manager, Dave Beaver, was at the store and returned to the kitchen with Marlene Wright and asked Plaintiff why he was picking on her.

36.     The District Manager never asked Plaintiff what the problem was, but only accused Plaintiff of picking on Marlene Wright.

37.     Other employees at the scene tried to stand up for Plaintiff and let Mr. Beaver know that Marlene Wright was wrong, but the District Manager just took Marlene Wright's side.

38.     Plaintiff was then told by the District Manager to clock out and go home and he and the General Manager, Taylor Tott, would decide what to do with Plaintiff.

39.     When Plaintiff returned to work the next day, Plaintiff was told that District Manger, Dave Beaver, no longer needed Plaintiff and that Plaintiff was terminated.

40.     Plaintiff was treated more harshly than similarly situated white employees by white District Manager, Dave Beaver.

41.     Plaintiff had worked at APPLEBEES 5 ½ years and was never late for work nor had he  missed any work due to sickness.

42.     Plaintiff had a good record with APPLEBEES.

43.     A white employee, Fred Tate, who had the same position as Plaintiff had yelled at a manager many times, stomped off and quit, but was  rehired.

44.     Plaintiff never raised his voice in harshness toward any manager and the only conflict came when a white female accused Plaintiff of picking on her.

45.     Plaintiff and other black employees witnessed black employees being mistreated by

5

white co-workers and the supervisors would not intervene.

46.     The discriminatory treatment that black employees at the workplace often occurred in the direct vision and hearing of the supervisors who were white.

47.     Although the General Manager, Taylor Tott, saw the discrimination against Plaintiff in the work place he took no corrective action although he had a duty to do so.

48.     Management did not treat white employees in this manner.

49.     Management showed favoritism in favor of white employees against black employees.

50.     Defendant allowed a racially hostile work environment to thrive unchecked.

51.     Other employees who were white were not treated in this discriminatory manner.

52.     This racially-hostile conduct of management and employees continued throughout Plaintiff's employment at APPLEBEES.

53.     Defendant failed to take any corrective action.

54.     This behavior humiliated and degraded the Plaintiff in the work place.

55.     Non-African-Americans in similarly situated positions were not treated this way by APPLEBEES and APPLEBEES management.

56.     Defendant treated Plaintiff this way due to Plaintiff's race.

57.     Plaintiff was subjected to unfair and discriminatory conditions of employment and has suffered adverse treatment, disrespect, harassment, unfair and rude treatment, denial of job opportunities because of the Defendant's pattern and practice of systematic and continuous discrimination against Plaintiff due to Plaintiff's race, African-American.

58.     Plaintiff suffered emotional pain and suffering and mental distress, humiliation, loss

6

of sleep due to the actions on the part of APPLEBEES.

59.     Plaintiff suffered economic damages as the denial of job opportunities prevented him from advancing as he should have.

60.     The Defendant has made no effort to attempt to correct, modify or disavow its discriminatory practices.

61.     All reasons given by APPLEBEES for such treatment provided by the Defendant were pretextual.

62.     At all times herein mentioned, the Defendant acted by and through duly authorized servants, agents and employees such as Plaintiff's supervisors who acted within the scope of his employment.

63.     Plaintiff has fulfilled all conditions precedent and has exhausted all administrative remedies by filing a formal complaint with the FCHR and EEOC offices.

64.     Plaintiff received a Right To Sue on or about June 25, 2000.

65.     Through its intentional discrimination and continuous flagrant disregard of Plaintiff's rights and the rights of other employees, Defendant has acted in such a manner that it should be subjected to punitive damages.

66.     Plaintiff has been required to retain an attorney to represent him in this matter and is obligated to pay the attorney a reasonable fee for which Defendant should be liable to pay.

WHEREFORE, Plaintiff respectfully prays this Court grant the Plaintiff judgement of compensatory and punitive damages against Defendant for and including compensation, back pay, adverse terms, conditions and privileges of employment, and more particularly, for mental suffering, pain and anguish, loss of sleep, humiliation, loss of enjoyment of life, and attorney's fees and for

such other relief as the Court may deem just and equitable.        Plaintiff respectfully requests
a trial by jury.

**COUNT II**
**42 U.S.C. §1981**
**DEFENDANT**

67.     This is a proceeding pursuant to 42 U.S.C. §1981 of the Civil Rights Act of 1866 as
        amended by the Civil Rights Act of 1991.  The jurisdiction of this Court is invoked
        pursuant to 42 U.S.C. § 1981, 28 U.S.C. §1331 and 28 U.S.C. §1343.

68.     Plaintiff incorporates by reference paragraphs 1 through 10 and  paragraphs 13 - 62
        of Count I and states that all such discriminatory conduct on the part of the
        Defendant, adversely affected Plaintiff's employment contract and terms and
        condition of employment so that Plaintiff did not have the same rights and  privileges
        of employment and benefits of the laws as white persons in violation of 42 U.S.C.
        §1981.

69.     This is an action for damages by Plaintiff against Defendant, APPLEBEES, pursuant
        to 42 U.S.C. §1981.

70.     Defendants   intentionally discriminated against Plaintiff and retaliated against
        Plaintiff with respect to his terms, conditions and privileges of employment, because
        Plaintiff is an African-American.

71.     Defendant, APPLEBEES, created a work environment heavily affected by racial and
        psychological hostility towards black persons, including Plaintiff.

72.     Plaintiff, JEFFERY JEROME CULVER, is an African-American, citizen of the
        United States, and a resident of Panama City, Florida.

73.     At all times heretofore and hereinafter mentioned, Defendant, APPLEBEES was

8

Plaintiff's employer.

74.  Plaintiff was employed in Panama City, Florida by APPLEBEES and all actions and omissions of employment and all the employment records relevant to this action are maintained in Bay County.

75.  Plaintiff, JEFFERY JEROME CULVER, was employed by APPLEBEES on or about 1991 until October 1996 as a cook.

76.  Plaintiff suffered economic damages as the denial of job opportunities prevented him from advancing as he should have.

77.  At all times herein mentioned, the Defendant acted by and through duly authorized servants, agents and employees such as Plaintiff's supervisors who acted within the scope of his employment.

78.  The conduct of APPLEBEES management caused the work place to be permeated with discriminatory intimidation, ridicule and insult sufficiently pervasive or severe as to alter the conditions of Plaintiff's employment and create an abusive working environment, thereby affecting Plaintiff's and other black employees' psychological well-being, causing lasting sufferings.

79.  As a direct and proximate result of the conduct of Defendant, Plaintiff permanently lost tangible job benefits, self esteem, peer group and student recognition and suffered mental pain and suffering and mental anguish.

80.  The conduct of the Defendant was intentional and malicious.

81.  Other employees of APPLEBEES who were not African-American were not treated in this adverse manner.

82.  Through its intentional discrimination and continuous flagrant disregard of Plaintiff's

9

rights and the rights of other employees, Defendant has acted in such a manner that it should be subjected to punitive damages.

83.    Plaintiff has been required to retain an attorney to represent him in this matter and is obligated to pay the attorney a reasonable fee for which Defendant should be liable to pay.

WHEREFORE, Plaintiff respectfully prays this Court grant the Plaintiff judgement of compensatory and punitive damages against Defendant for and including compensation, back pay, adverse terms, conditions and privileges of employment, and more particularly, for mental suffering, pain and anguish, loss of sleep, humiliation, loss of enjoyment of life, and attorney's fees and for such other relief as the Court may deem just and equitable.          Plaintiff respectfully requests a trial by jury.

## COUNT III
## VIOLATION OF CHAPTER 760 FLORIDA STATUTES
## RACE

84.    Plaintiff incorporates by reference and realleges the general jurisdictional allegations in paragraphs 1 through 10 of this Complaint.

85.    This is an action for damages exceeding $15,000.00 and for relief pursuant to Chapter 760 of Florida Statutes (1996) due to Defendant's intentionally discriminating or maintaining a policy or procedure of discrimination against Plaintiff, because of Plaintiffs' race and for damages against Defendant, including compensation, return of terms, conditions, and privileges and all benefits of employment, for reinstatement and back pay with interest, attorneys' fees and compensatory and punitive damages, and for such other relief as the Court may deem

10

just and equitable.

86.     This Court has jurisdiction over the subject matter and the parties under 28 U.S.C. §1343 and § 1367, Chapter 760 Florida Statutes and this Court's supplemental jurisdiction.

87.     Plaintiff has fulfilled all conditions precedent, and has exhausted all administrative remedies as follows:

    1.      filing a complaint with the Florida Commission on Human Relations office, copies of which are attached to and incorporated in this complaint as composite Exhibit A;

    2.      More than 180 days have elapsed since Plaintiff filed his charges of discrimination with no action on the part of the Commission;

    3.      Plaintiff is entitled to file a civil action in this court of competent jurisdiction in accordance with §760.11(8) and (4), Fla.Stat.

    4.      Plaintiff obtained a Right to Sue on or about June 25, 2000, a copy of which is attached as Exhibit B.

88.     Plaintiff is sui juris resident of Bay County, Florida.

89.     Plaintiff, JEFFERY JEROME CULVER, is in a protected class, in that Plaintiff is African-American.

90.     Plaintiff was employed by Defendant, APPLEBEES.

91.     Defendant did and still does business in Bay County, Florida.

92.     Plaintiff was well qualified to work at APPLEBEES.

93.     Plaintiff was deprived of the opportunity to receive training and work at APPLEBEES due to unlawful racial discrimination.

11

94.   Plaintiff, who is an African-American, was deprived of the opportunity to work in a fair and nondiscriminatory environment at APPLEBEES due to unlawful discrimination based on race.

95.   APPLEBEES provided the opportunity for others who were not racial minorities to work at APPLEBEES without discrimination.

96.   The principal place of business of APPLEBEES is located in Panama City, Bay County, Florida.

97.   At all times heretofore and hereinafter mentioned, APPLEBEES was an employer within the meaning of §760.02 Fla.Stat.

98.   All actions and omissions of employment occurred in Bay County, Florida and all the employment records relevant to this action are maintained in Bay County.

99.   Plaintiff was adversely treated when APPLEBEES intentionally discriminated against Plaintiff by depriving Plaintiff of his opportunity to work and be employed based upon unlawful discriminatory basis.

100.  Plaintiff realleges  paragraphs 16 - 60   asserted in Count I, and adopts them by reference as though set forth in full.

101.  Plaintiff suffered disparate negative impact from APPLEBEES's plans and policies towards those of racial minority like Plaintiff.

102.  Plaintiff was subjected to unfair and discriminatory conditions of employment and has suffered adverse treatment, disrespect, humiliation, pain and suffering, loss of employment, and lost wages, because of APPLEBEES's wrongful actions.

103.  Plaintiff suffered adverse treatment by APPLEBEES due in whole or substantial part upon Plaintiff race and color in violation of §760.10 Fla.Stat.

12

104.    APPLEBEES has made no effort to attempt to correct, modify or disavow its discriminatory practices.

105.    Defendants' actions were done with malice or reckless indifference to the foreseeable effects of their wrongful treatment of Plaintiff.

106.    At all times herein mentioned, the APPLEBEES acted by and through duly authorized servants, agents and employees such as APPLEBEES's management and supervisors, who were acting within the scope of their employment.

107.    Through its intentional discrimination and continuous flagrant disregard of Plaintiff's rights and the rights of other employees, Defendant has acted in such a manner that it should be subjected to punitive damages.

108.    Plaintiff has been required to retain an attorney and is obligated to pay his attorneys a reasonable fee for which Defendant, should be liable to pay.

WHEREFORE, Plaintiff respectfully prays this Court grant the Plaintiff judgement of compensatory and punitive damages against Defendant for and including compensation, back pay, adverse terms, conditions and privileges of employment, and more particularly, for mental suffering, pain and anguish, loss of sleep, humiliation, loss of enjoyment of life, and attorney's fees and for such other relief as the Court may deem just and equitable.        Plaintiff respectfully requests a trial by jury.

## COUNT IV
## RETALIATION TITLE VII

109.    Plaintiff incorporates allegations made in paragraphs 1 through 10 and paragraphs 12 - 83 of Count I.

110.    Right after Marlene Wright complained to management Plaintiff spoke with

13

management about the unfairness of taking a subordinate white employee's side when Plaintiff was enforcing Defendant's stated policies.

111.   Defendant retaliated against Plaintiff for his opposition to discrimination by terminating him from his employment.

112.   After his termination Plaintiff complained to upper management that he should not have been terminated and that his termination was due to his race.

113.   Plaintiff applied for unemployment on or about December 1996.

114.   Defendant opposed the unemployment although they knew that Plaintiff had been wrongfully terminated.

115.   Defendant retaliated against Plaintiff for his opposition to unlawful discrimination by summarily opposing Plaintiff's unemployment compensation.

116.   Plaintiff opposed discrimination when he complained about discrimination to his supervisors.

117.   Defendant was aware of the discrimination.

118.   Defendant was aware of Plaintiff's complaints but it took no corrective action.

119.    Defendant was aware of Plaintiff complaints but failed to investigate or take any corrective action.

120.   In fact, Defendant flatly denied that Defendant had discriminated against Plaintiff at all by his termination.

121.   These adverse actions were a pattern of continuing discrimination which has been ongoing.

122.   At all times herein mentioned, the Defendant acted by and through duly authorized servants, agents and employees, management and supervisors, who were acting

14

within the scope of their employment.

123.  Through its intentional discrimination and continuous flagrant disregard of Plaintiff's rights and the rights of other employees, Defendant has acted in such a manner that it should be subjected to punitive damages.

124.  Plaintiff has been required to retain an attorney to represent him in this matter and is obligated to pay the attorney a reasonable fee for which Defendant should be liable to pay.

WHEREFORE, Plaintiff respectfully prays this Court to grant the Plaintiff a for judgement of compensatory and punitive damages against Defendant for and including compensation, back pay, adverse terms, conditions and privileges of employments, and more particularly, for mental suffering, pain and anguish, loss of sleep, humiliation, loss of enjoyment of life, and attorney's fees and for such other relief as the Court may deem just and equitable.          Plaintiff respectfully requests a trial by jury.

## COUNT V
## VIOLATION OF CHAPTER 760 FLORIDA STATUTES
## RETALIATION

122.  Plaintiff incorporates by reference and realleges the general jurisdictional allegations in paragraphs 1 through 10 and paragraphs 12 - 83 of this Complaint.

123.  This is an action for damages exceeding $15,000.00 and for relief pursuant to Chapter 760 of Florida Statutes (1996) due to discrimination based on retaliation for damages against Defendant, including compensation, return of terms, conditions, and privileges and all benefits of employment, for reinstatement and back pay with interest, attorneys' fees and compensatory damages and for such other relief as the Court may deem just and equitable.

15

124. Plaintiff is sui juris resident of Bay County, Florida.

125. Plaintiff, Jeffery Culver, is in a protected class, in that Plaintiff is an African-American.

126. Plaintiff was employed by Defendant, APPLEBEES.

127. Defendant did and still does business in Bay County, Florida.

128. Plaintiff was well qualified to work at APPLEBEES.

129. Plaintiff who is an African-American was deprived of the opportunity to work in a fair and nondiscriminatory environment at APPLEBEES due to unlawful discrimination based on race.

130. At all times heretofore and hereinafter mentioned, APPLEBEES was an employer within the meaning of §760.02 Fla.Stat.

131.  Plaintiff opposed discrimination when he complained about discrimination at APPLEBEES.

132. APPLEBEES, through its management and supervisors retaliated against Plaintiff for his opposition to unlawful discrimination Plaintiff's unemployment compensation.

133. Plaintiff opposed discrimination when he complained about discrimination to his supervisors.

134. Defendant was aware of the discrimination.

135. Defendant was aware of Plaintiff's complaints but it took no corrective action.

136.  Defendant was aware of aware of Plaintiff's complaints but failed to investigate or take any corrective action.

137. Right after Marlene Wright complained to management Plaintiff spoke with

management about the unfairness of taking a subordinate white employee's side when Plaintiff was enforcing Defendant's stated policies.

138. Defendant retaliated against Plaintiff for his opposition to discrimination by terminating him from his employment.

139. After his termination Plaintiff complained to upper management that he should not have been terminated and that his termination was due to his race.

140. Plaintiff applied for unemployment on or about December 1996.

141. Defendant opposed the unemployment although they knew that Plaintiff had been wrongfully terminated.

142. In fact, Defendant flatly denied that Defendant had discriminated against Plaintiff at all.

143. Defendant through its agent wrongfully retaliated against Plaintiff be denying his unemployment.

144. These adverse actions were a pattern of continuing discrimination which has been ongoing.

145. Plaintiff was subjected to unfair and discriminatory conditions of employment and has suffered adverse treatment, disrespect, humiliation, pain and suffering, loss of employment, and lost wages, because of Defendant's wrongful actions.

146. Plaintiff suffered adverse treatment by Defendant due in whole or substantial part upon Plaintiff race in violation of §760.10 Fla.Stat. et. seq.

147. Through its intentional discrimination and continuous flagrant disregard of Plaintiff's rights and the rights of other employees, Defendant has acted in such a manner that it should be subjected to punitive damages.

148.     At all times herein mentioned, the Defendant acted by and through duly authorized servants, agents and employees such as Defendant's management and supervisors, who were acting within the scope of their employment.

149.     Plaintiff has been required to retain an attorney and is obligated to pay her attorneys a reasonable fee for which Defendant, should be liable to pay.

WHEREFORE, Plaintiff respectfully pray this court to grant the Plaintiff for judgement of compensatory and punitive damages against Defendant for and including compensation, back pay, removal of adverse terms, conditions and privileges of employments, and more particularly, for mental suffering, pain and anguish, humiliation, loss of enjoyment of life, and attorneys' fees and for such other relief as the Court may deem just and equitable.  Plaintiff respectfully requests a trial by jury.

CECILE M. SCOON, ESQ.
FLA. BAR # 834556
36 EAST OAK AVENUE
PANAMA CITY, FLORIDA 32401
(850) 769-7825

18

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

# NOTICE OF RIGHT TO SUE

*(ISSUED ON REQUEST)*

| To: | From: |
|---|---|
| Mr. Jeffery J. Culver<br>1607 East 8th Street<br>Panama City, Florida 32401<br><br>☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL*<br>*(29 C.F.R. 1601.7(a))* | Miami District Office<br>**Equal Employment Opportunity Commission**<br>**One Biscayne Tower, Suite 2700**<br>**2 South Biscayne Boulevard**<br>**Miami, Florida 33131-1805** |

| Charge Number<br>15D 97 0395 | EEOC Representative<br>James Colon, State & Local Coordinator | Telephone Number<br>(305) 536-4454 |
|---|---|---|

(See the additional information attached to this form.)

## NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act(ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your suit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

- [x] More than 180 days have passed since the filing of this charge.
- [ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the Commission EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.
- [x] The EEOC is terminating its processing of this charge.
- [ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies

- [ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.
- [ ] EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court compliant to this office.

On Behalf of the Commission

**JUN 2 0 2000**
(Date Mailed)

_Federico Costales, District Director_

Enclosures
   Information Sheet
   Copy of Charge

cc:  Applejam, Inc.
     c/o Frank Diangelo
     V.P. Operations
     P. O. Box 956308
     Duluth, GA 30136-9506

Cecile M. Scoon, Esq.
36 East Oak Avenue
Panama City, Florida 32401

EEOC Form 161-B (10-96)

FLORID.. COMMISSION ON HUMAN REL. .IONS
325 John Knox Road, Suite 240, Building F
Tallahassee, Florida 32303-4149

| CHARGE OF DISCRIMINATION | FCHR No. |
|---|---|

| Name (Indicate Mr., Ms., or Mrs.) JEFFREY Jerome Culver | Social Security Number 267.67.7546 | Date of Birth 12.01.62 |
|---|---|---|

Street Address
16O7 E. 8TH STREET

Home Telephone Number (area code)
904. 785. 1042

City, State, and Zip Code
PANAMA City, Fl 32401

Work (If possible to call you there)
904 - 763 - 8753

List the employer, labor organization, employment agency, apprenticeship committee, government agency, or other person who discriminated against you.

| Name 6 AppleJam, INC.- AppleBee's #8673 | No. of Employees 15+ 15+ MORE | Telephone No. (area code) 404.495.9988 OR 904.872 9888 |
|---|---|---|

Street Address
678 W. 23rd STREET

City, State, and Zip Code
PANAMA City, Fl 32405

County
BAY

**CAUSE OF DISCRIMINATION BASED ON (Check appropriate box (es)**

[✓] RACE   [✓] COLOR   [ ] SEX   [ ] RELIGION   [ ] HANDICAP

[ ] NATIONAL ORIGIN   [ ] AGE   [ ] MARITAL STATUS   [✓] RETALIATION

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE
(month, day, year)
Oct. 24, 1996

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s):

I. **PERSONAL HARM:** THE RETALIATION TAKEN AGAINST ME, FOR A DISPUTE WITH A white Female employee WAS raciest, Due TO THE FACT, I WAS DISMISSED AND SHE WAS NOT, I HAVE NEVER BEEN WRITTEN up or counseled IN my 5½ years of employment with Applebee's #8673.

II. **RESPONDENT'S REASON FOR PERSONAL HARM:** THE Employer's response WAS nothing.

III. **DISCRIMINATION STATEMENT:** "I Believe that I HAVE BEEN discriminated against on the basis of my race, For the following reasons; I have been employed at Applebee's Neighborhood Grill & BAR #8673 For 5½ years I have NEVER been offered a management position or training. There are NO Blacks, who work IN the Front of The house IN #8673. ALL Blacks are kept IN the Back of the house IN the Kitchen area. THE BLACK Employees Are Not treated the same, IN respect, THE management does not listen to my complaints in the work area, or try to resolve any of the problems that I may have."

Willie Mae Williams
MY COMMISSION # CC559599 EXPIRES
June 5, 2000
BONDED THRU TROY FAIN INSURANCE, INC.

....... Williams
... CC559599 EXPIRES
. ... INSURANCE, INC.

I will advise the agency If I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY-          (Required for Filing)
SUBSCRIBED AND SWORN TO BEFORE ME

| SIGNATURE OF COMPLAINANT | DATE 12/5/96 |
|---|---|

Willie Mae Williams
5th of Dec. 19 96